# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BERNARD LUX,<br>Inmate Booking #8105669,<br><br>                              Plaintiff,<br><br>vs.<br><br>SHELL GAS CORP.,<br><br>                              Defendant. | Civil No.   08-0504 JAH (AJB)<br><br>**ORDER:**<br><br>**(1)   DENYING MOTION TO APPOINT COUNSEL [Doc. No. 3]**<br><br>**(2)   GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(3) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

Plaintiff, Scott Bernard Lux, a pre-trial detainee currently held at the George Bailey Detention Facility located in San Diego, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion to Appoint Counsel [Doc. No. 3].

**I.    Motion to Appoint Counsel [Doc. No. 3]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**II.    Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.   Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

1  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As currently pleaded, it is clear that a majority of Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

////

////

1       First, the Court finds that Plaintiff's Complaint lacks any specific factual allegations. Based on the failure to provide any specific factual allegation, the Court finds that Plaintiff's Complaint fails to comply with FED. R. CIV. P. 8(a), which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

      In addition, in his Complaint, Plaintiff names as the only Defendant, Shell Gas Corporation. (*See* Compl. at 1-2.) In the body of Plaintiff's Complaint he alleges that "an employee of [Shell Gas Corporation] did not follow policies and procedures" in violation of Plaintiff's Eighth Amendment rights. (*Id.* at 3.) However, the Court cannot determine from these allegations whether any act on the part of Defendant Shell Gas Corporation was taken "under color of state law." *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii). Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

      While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Thus, Plaintiff's allegations against Defendant Shell Gas Corporation fails to satisfy the first prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

////

1  Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim
2  upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.
3  §§ 1915(e)(2)(b) & 1915A(b).

4  **IV.  Conclusion and Order**

5  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

6  1. Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice [Doc. No.
7  3];

8  2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]
9  is **GRANTED**.

10  3. The Watch Commander for the George Bailey Detention Facility, or his designee,
11  is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed
12  in this case by collecting monthly payments from the trust account in an amount equal to twenty
13  percent (20%) of the preceding month's income credited to the account and forward payments
14  to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with
15  28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE
16  NAME AND NUMBER ASSIGNED TO THIS ACTION.

17  4. The Clerk of the Court is directed to serve a copy of this Order on Watch
18  Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego,
19  California 92158.

20  **IT IS FURTHER ORDERED** that:

21  5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
22  §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave
23  from the date this Order is "Filed" in which to file a First Amended Complaint which cures all
24  the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in
25  itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants
26  not named and all claims not re-alleged in the Amended Complaint will be deemed to have been
27  waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended
28  Complaint fails to state a claim upon which relief may be granted, it may be dismissed without

1  further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).
2  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).
3        6.      The Clerk of the Court is directed to mail a Court approved form § 1983 complaint
4  to Plaintiff.
5        **IT IS SO ORDERED.**
6  DATED: April 11, 2008

                                    JOHN A. HOUSTON
                                    United States District Judge